JAMES H. KIDDER, Appellant, v. ADRIAN PETROLEUM COMPANY, INC., and Others, Respondents, Impleaded with ALBERT FRANCKE, Defendant.

*Mines — pleading — complaint — suit to rescind assignment of leasehold rights in oil lands — demurrer.*

Appeal by plaintiff from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of New York August 9, 1915, upon a decision of the court sustaining separate demurrers to the complaint.

Judgment affirmed, with costs, on opinion of Page, J., with leave to plaintiff to amend on payment of costs. Present — Ingraham, P. J., McLaughlin, Laughlin, Scott and Dowling, JJ.

The following is the opinion of the court below:

PAGE, J.: Upon analysis of the complaint it appears that the action is founded principally upon the alleged right of the plaintiff to rescind his assignment to the defendant Adrian Company of certain leasehold rights in Mexican oil lands and to have back the lease, pursuant to a provision of the contract giving him that right on the ground that notes for the pur-

chase price, $16,382.45, were not paid at maturity. Other allegations of the complaint are directed towards showing that the plaintiff's apparent election not to rescind and his acceptance of the amount of the notes after they were overdue was induced by fraudulent concealment on the part of the defendants of material breaches of the contract by them. It is, therefore, claimed that the prior election not to rescind was not binding, and the plaintiff, now for the first time cognizant of the facts, has the right to go back and rescind the assignment. The breaches of contract alleged of which plaintiff was previously ignorant were a transferring of part of the oil fields to others and the conducting of the operations toward drilling the well by such transferees contrary to covenants of the agreement. All the plaintiff was entitled to under his contract, however, was the purchase money ($16,382.45) and two and one-half per cent of the output of the first successful well. It is alleged in the first part of the complaint that it was the intent of the parties to the agreement that this covenant to pay royalties of two and one-half per cent to the plaintiff should run with the land and "should attach to the production of the first well upon that 1,350 acres producing oil in commercial quantity, no matter who was the owner of said well, so long as the title was held pursuant to the Sandoval lease." Thus it is apparent that the parties contemplated a possible assignment by the Adrian Company of the rights in the property, and the alleged covenant against assigning before the payment of the notes was merely for the purpose of further securing their payment. The right to rescind the transaction in the event of non-payment of the notes was also designed to secure the payment of the notes only. It appearing that the notes have all been paid in full, with interest, no ground is shown in the complaint for decreeing a forfeiture of the lease. It only remains to consider the allegations of the complaint which purport to show a repudiation of the agreement to pay a royalty of two and one-half per cent to the plaintiff by certain of the defendants who are assignees of the Adrian Company. As to these, I am of the opinion that though it is alleged that these defendants "have definitely taken the position that by reason of these transfers the plaintiff has been completely done out of the royalty to which he was entitled under his agreement aforementioned, and all of the defendants * * * now claim to have possessed themselves of the plaintiff's very valuable leasehold properties * * * without further obligations to pay for the same * * *," no facts are set forth in support of these statements which would show a definite repudiation of the contract. It might well be that they have "definitely taken the position" as aforesaid, and yet when the time arrives that they are under obligation to pay royalties they may change their minds. If the covenant to pay royalties to the plaintiff was intended to run with the land, as alleged, and all the parties to the action acquired their rights through the Adrian Company with knowledge of that fact, the plaintiff has a complete action at law against any of the said assignees who may first obtain commercial oil for the amount of his royalty upon the oil produced, and his remedy by damages in such an action for breach of the covenant to pay royalties is adequate. The demurrers to the complaint

are sustained, with costs, with leave to the plaintiff to serve an amended complaint within twenty days upon payment of costs to date, in default of which the complaint will be dismissed.